UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NICHOLAS JOHNSON | CIVIL ACTION NO. 11-cv-1608 |
| VERSUS | JUDGE HICKS |
| MILTON MAGEE, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Nicholas Johnson ("Plaintiff"), a Louisiana citizen, alleges that he was seriously injured in a traffic accident when he was struck by a FedEx Freight vehicle. He filed this action based on an assertion of diversity of citizenship. As the party invoking the court's jurisdiction, Plaintiff bears the burden of articulating facts that justify its exercise. The current pleadings do not satisfy that burden.

The first named defendant is Milton Magee, the driver of the truck. Plaintiff's complaint does not allege Magee's citizenship, and Magee did not include that information in his answer. The court must know the state in which Magee has his domicile or citizenship before it can determine it has subject-matter jurisdiction.

The second named defendant is "Federal Express Corporation, also doing business as Federal Express Freight." An answer was filed by FedEx Freight, Inc., which alleged that it is a separate and distinct corporation from Federal Express Corporation and that it is "headquartered in Harrison, Arkansas." Assuming FedEx Freight, Inc. is the proper defendant, the record is lacking in the facts needed to determine its citizenship for purposes of diversity jurisdiction.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation"). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

FedEx's allegation that it is headquartered in Arkansas likely means that Arkansas is the state of its principal place of business under the standard announced in Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010). FedEx does not provide any information regarding the state in which it is incorporated.

Counsel for FedEx is directed to determine as soon as reasonably possible FedEx's (1) state of incorporation and (2) the state where it has its principal place of business, and provide the information to counsel for Plaintiff so that this preliminary issue may be resolved without the need for discovery. Plaintiff is directed to take the necessary steps (which will include filing a motion for leave in accordance with LR 7.4.1) to file an Amended Complaint that sets forth with specificity the citizenship of Milton Magee and FedEx Freight, Inc. under the rules described above. The deadline for compliance with this order is **October 31, 2011**. If the amended pleading establishes diversity jurisdiction, a scheduling conference will be

set. If jurisdiction is not established, the case may be subject to dismissal for lack of jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of October, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE